There can be no doubt that the petitioner must have acquired the right to construct its road through the county of Chemung, before it could apply for the appointment of commissioners to fix the crossing of the appellant's road in that county. It did not acquire this right under its articles of association. The articles did not specify Chemung county as one of the counties through or into which the road of the petitioner was to run. The statute requires that the articles shall specify the name of each county through which the proposed road is intended to be made. (Laws of 1850, chap. 140, § 1.) But the twenty-third section of the act, as amended by chapter 77 of the Laws of 1876, provides for changing the route of a railroad organized under the act, and locating it in a county adjoining any county named in the articles. The section declares that "the directors of every company formed under this act may, by a vote of two-thirds of their whole number, at any time alter or change the route, or any part of the route of their road, or its termini, or locate the said route, or any part thereof, or its termini in a county adjoining any county named in the articles of association, if it shall appear to them that the line can be improved thereby; and they shall make and file in the clerk's office of the proper county, a survey, map and certificate of such alteration or change, and shall have the same right and power to acquire title to any lands required for the purposes of the company in such altered or changed route, as if the road had been located there in the first instance."
The petitioner after its incorporation, and on the 12th of February, 1881, passed a resolution by a vote of more than two-thirds of its directors, to amend its articles of association, by striking out the counties of Schuyler and Tompkins named therein, and inserting in place thereof the county of Chemung, which latter county adjoins the counties first mentioned. The *Page 283 
preamble to the resolution recited among other things, that after the filing of the original articles, it had been ascertained by the directors of the company, after due examination and surveys, that a part of its line of road ought to be located and constructed through the State of Pennsylvania, to do which it is necessary that the road should be constructed through the county of Chemung, and that the line would be improved thereby, and that to supply the omission to name and specify the county of Chemung in the original articles, it was considered expedient for the company to file amended articles in the office of the secretary of State, and that for this purpose, the directors hereby resolve, etc. It is claimed that the passage of this resolution was not a change of the route and a location thereof in the county of Chemung, within the meaning of the twenty-third section, and also that the action of the directors was ineffectual as an amendment of the articles of association, because there is no statutory authority for the amendment of the articles in respect to the route originally designated. We do not deem it necessary to determine whether the resolution and the action taken in pursuance thereof, operated as an amendment of the original articles. Assuming that the appellant is right in this contention, we are nevertheless of opinion that the action of the directors may be regarded as a valid exercise of the authority conferred by the twenty-third section. The purpose of the action of the directors was plain, viz.: to enable the petitioner to construct its road through the county of Chemung. The only prerequisite to the exercise of the authority to change the route was a vote of two-thirds of the directors, sanctioning the new location, followed by the filing of the survey, etc. The directors seem to have supposed that an amendment of the articles of association was necessary to accomplish this purpose. This was plainly a mistake. But what they did was equivalent to a vote to change the location. The resolution was not, in direct terms, a resolution to change the route, but to amend the articles. But the amendment consisted only of a specification of Chemung county as one of the counties through which the road was to be constructed, and the leaving *Page 284 
out of the counties of Schuyler and Tompkins, and the preamble discloses that the change of location was the purpose of the action of the directors. Regarding what was resolved or done in respect to the amendment of the articles, as ultra vires for that purpose, the fact remains that the directors by the requisite vote adopted the new location.
The contention that the authority given to directors by the twenty-third section to locate a new route in a county adjoining a county mentioned in the articles, requires, in order to constitute a valid exercise, a designation of the particular line to be occupied by the road, cannot we think be maintained. The rights of property-owners, or third persons, are not affected by the preliminary action under the twenty-third section. That action is taken ex parte by the corporation. It becomes effectual without notice to third persons, or confirmation by the court or other authority. When the directors have by proper vote determined that the road shall be built upon a new route in a specified county, that we think is a location within the section. The designation of the exact line is a subsequent proceeding, and when such designation is made, those interested have a right to be heard and to apply for a change of route. We do not perceive that there are any considerations of policy or convenience, which require that the petitioner's route shall be specified in the preliminary action of the directors, nor is it we think required by a fair construction of the statute.
It is claimed that proceedings to fix a crossing under subdivision 6, section 28, of the act of 1850, could not legally be taken until the respondent's route had been finally located in accordance with section 22, of the act. It appears that proceedings under section 22, to change the place of crossing, instituted by the present appellant, were pending when this proceeding was commenced, but before the order was made from which this appeal is taken, the prior proceedings had been terminated adversely to the present appellant. Upon this state of facts, the objection now made cannot prevail. The court might very properly refuse to entertain proceedings for the *Page 285 
appointment of commissioners to fix the manner of crossing at a particular place, under subdivision 6, section 28, until after prior proceedings to change the point of crossing had been terminated. But the objection does not go to the jurisdiction of the court, and the proceedings to change the crossing having terminated before the order now in question was made, the order was regular.
We think there was sufficient evidence to show a failure of the two companies to agree upon the crossing, after an effort made by the petitioner to that end. The evidence very clearly indicates that the appellant was unwilling to consent to the crossing desired by the respondent. The respondent had the right to assume from what had occurred prior to the legal change of route, as well as from subsequent interviews with the officers of the respondent, that the latter company intended to leave the matter to be settled by the court.
We think the order appealed from should be affirmed.
All concur, except RAPALLO, J., absent.
Order affirmed.